**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JASON DERRECK BAGGETT,

Petitioner,

v.

MARTIN GAMBOA,

Respondent.

No. 2:25-CV-2642-DMC-P

MEMORANDUM OPINION AND ORDER

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the Court are Petitioner's petition for a writ of habeas corpus, ECF No. 1, Respondent's answer, ECF No. 18, and Petitioner's traverse, ECF No. 21. Also before the Court are: (1) Petitioner's motion for discovery, ECF No. 2; and (2) Petitioner's motion for an evidentiary hearing, ECF No. 4.

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998). Under AEDPA, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in

state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1), federal habeas relief is available only where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law. Under both standards, "clearly established law" means those holdings of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams, 529 U.S. at 412). "What matters are the holdings of the Supreme Court, not the holdings of lower federal courts." Plumlee v. Masto, 512 F.3d 1204 (9th Cir. 2008) (en banc). For federal law to be clearly established, the Supreme Court must provide a "categorical answer" to the question before the state court. See id.; see also Carey, 549 U.S. at 76-77 (holding that a state court's decision that a defendant was not prejudiced by spectators' conduct at trial was not contrary to, or an unreasonable application of, the Supreme Court's test for determining prejudice created by state conduct at trial because the Court had never applied the test to spectators' conduct). Circuit court precedent may not be used to fill open questions in the Supreme Court's holdings. See Carey, 549 U.S. at 74.

In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the Court), the United States Supreme Court explained these different standards. A state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the Supreme Court on the same question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. See id. at 405. A state court decision is also "contrary to" established law if it applies a rule which contradicts the governing law set forth in Supreme Court cases. See id. In sum, the petitioner must demonstrate that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules. Thus, a state court decision applying the correct legal rule from Supreme Court cases to the facts of a particular case is not reviewed under the "contrary to" standard. See id. at

406. If a state court decision is "contrary to" clearly established law, it is reviewed to determine first whether it resulted in constitutional error. See Benn v. Lambert, 283 F.3d 1040, 1052 n.6 (9th Cir. 2002). If so, the next question is whether such error was structural, in which case federal habeas relief is warranted. See id. If the error was not structural, the final question is whether the error had a substantial and injurious effect on the verdict, or was harmless. See id.

State court decisions are reviewed under the far more deferential "unreasonable application of" standard where it identifies the correct legal rule from Supreme Court cases, but unreasonably applies the rule to the facts of a particular case. See Wiggins v. Smith, 539 U.S. 510, 520 (2003). While declining to rule on the issue, the Supreme Court in Williams, suggested that federal habeas relief may be available under this standard where the state court either unreasonably extends a legal principle to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. See Williams, 529 U.S. at 408-09. The Supreme Court has, however, made it clear that a state court decision is not an "unreasonable application of" controlling law simply because it is an erroneous or incorrect application of federal law. See id. at 410; see also Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). An "unreasonable application of" controlling law cannot necessarily be found even where the federal habeas court concludes that the state court decision is clearly erroneous. See Lockyer, 538 U.S. at 75-76. This is because "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Id. at 75. As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless. See Benn, 283 F.3d at 1052 n.6.

The "unreasonable application of" standard also applies where the state court denies a claim without providing any reasoning whatsoever. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). Such decisions are considered adjudications on the merits and are, therefore, entitled to deference under the AEDPA. See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 223 F.3d at 982. The federal habeas court assumes that state court applied the correct law and analyzes whether the

state court's summary denial was based on an objectively unreasonable application of that law. See Himes, 336 F.3d at 853; Delgado, 223 F.3d at 982.

## I. BACKGROUND

### A. Facts

On May 23, 2023, a 13-count complaint accused Petitioner of battery, false imprisonment, dissuading a witness, and various forcible sexual assaults. See ECF No. 17-1. The police report indicates that, over the course of a long evening and into the next morning, Petitioner prevented the victim, his spouse, from leaving their house, choked and hit her, prevented her from sleeping, and initiated three separate episodes where he, forcibly and against the victim's will, raped, sodomized, and forced her to orally copulate him. See ECF No. 17-4, pgs. 63-70.

Eight days after the complaint was filed, Petitioner executed a plea and waiver form changing his plea to no contest on the first three of the charged counts - forcible rape, forcible oral copulation, and sodomy by use of force. See ECF No. 17-2. The change of plea form indicates a plea agreement for the change of plea in exchange for dismissal of the remaining counts and a term of twelve years in prison. See id. It does not appear that a preliminary hearing was held, but there was a police report which Petitioner agreed would form the factual basis of the plea. See id.

### B. Procedural History

Petitioner lays out the procedural history for the case in his petition. See ECF No. 1. Petitioner entered a plea of no contest on May 31, 2023, to three charges – PC § 261(a)(2), rape by force and/or fear, § 286(c)(2)(A), sodomy by force and/or fear, and § 287(c)(2)(A), oral copulation by force and/or fear. See ECF No. 1, pg. 16. On August 8, 2023, the Yuba County Superior Court imposed a 12-year term in connection with the plea agreement. See id. Petitioner filed a state court post-conviction action on July 7, 2024, in the Yuba County Superior Court. See id. at 17. The petition was denied on August 9, 2024. See ECF No. 17-5. On September 13, 2024, Petitioner appealed to the California Court of Appeal seeking further post-conviction

review. See ECF No. 1, pg. 17. The petition was denied on October 11, 2024. See ECF No. 17-7. On December 16, 2024, Petitioner filed another post-conviction petition in the California Supreme Court. See ECF No. 1, pg. 17. The petition was denied on June 25, 2025. See ECF No. 17-9.

## II. DISCUSSION

Petitioner argues that he is entitled to a reversal of his convictions and a new trial on the following grounds: (1) ineffective assistance of counsel, and (2) failure to disclose exculpatory evidence. For the reasons discussed below, the petition will be denied.

At the outset, the Court notes that Petitioner's conviction and sentence arose from a plea agreement. A guilty plea which is knowingly, intelligently, and voluntarily made, bars any right to later assert claims based on constitutional deprivations allegedly occurring prior to the guilty plea. See Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (citing Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and Parker v. North Carolina, 397 U.S. 790 (1970)). Thus, where the defendant pleads guilty, he may only challenge whether the guilty plea was valid (i.e., knowing, intelligent, and voluntary). See Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Mitchell v. Superior Court for Santa Clara County, 632 F.2d 767, 769-70 (9th Cir. 1980). This rule is known as the "Tollett rule."

Thus, under the Tollett rule, a defendant who pleaded guilty may only raise claims on federal habeas which challenge the validity of the plea. Claims of ineffective assistance of counsel with respect to the plea are permitted under the Tollett rule. See Tollett, 411 U.S. at 267 (citing McMann, 397 U.S. at 771). Against this backdrop, the Court finds that Petitioner's claim relating to exculpatory evidence is barred and will consider below Petitioner's ineffective assistance of counsel claim.

/ / /

/ / /

/ / /

/ / /

The Sixth Amendment guarantees the effective assistance of counsel. The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. See id. at 688. To this end, petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. See id. at 690. The federal court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. See id. In making this determination, however, there is a strong presumption "that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

Second, a petitioner must affirmatively prove prejudice. See Strickland, 466 U.S. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

Petitioner raises a claim of ineffective assistance of counsel as to Robert Romero, Petitioner's trial counsel. See ECF No. 1, pg. 18. The last reasoned state court decision to address this claim is the Yuba County Superior Court's decision denying Petitioner's state post-conviction action. See ECF No. 17-5. The state court denied the claim because "Petitioner presents no meaningful evidence to support that claim." Id. at 1.

/ / /

Petitioner argues that his counsel, Mr. Robert Romero, was ineffective due to his failure to make an informed recommendation based on adequate investigation of the facts, failure to pursue meritorious avenues of investigation provided by the client, failure to subject the case to meaningful adversarial testing, failure to file a motion to withdraw the plea. See ECF No. 1. In addressing this claim on post-conviction review, the Yuba County Superior Court denied the claim and held as follows:

This Court reviews to determine whether the state court's denial of Petitioner's ineffective assistance of counsel claim involved an unreasonable application of Strickland standard. This Court finds it did not. Where a defendant enters a guilty plea upon counsel's advice, the voluntariness of the plea depends on whether "it was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). The record reflects that Petitioner entered his guilty plea shortly after indictment, executed written acknowledgement confirming that the plea was knowing, voluntary, and entered with a full understanding of its consequences. Petitioner received multiple benefits as a result of the plea agreement because ten counts were dismissed, and the sentence was significantly reduced from possible 74 years to 12 years.

Considering these circumstances, counsel's performance appears consistent with a reasonable strategic decision to secure a favorable disposition at an early stage of the proceedings. It is important to remember that plea bargains involve uncertainty and defense counsel must make "strategic choices" in balancing opportunities and risks. Premo v. Moore, 562 U.S. 115, 124 (2011) (stressing that the absence of a developed and extensive record and well-defined prosecution or defense case creates a particular risk early in the plea stage). Therefore, when a plea results in the elimination of substantial charges and a lesser sentence, such advice falls within the wide range of professionally competent assistance, rather than constituting deficient performance. Moreover, Petitioner's allegations that his counsel did not review the files and facts, and that he simply wanted to close the casefile as "evidenced by the hurried and unorthodox disposition in this case," are speculative and conclusory. Petitioner agreed that the factual support for his plea would come from the police report and acknowledged that he understood the

charges, and possible defenses that might be applicable in his case. As a result, Petitioner fails to demonstrate that his counsel's performance fell below an objective standard of reasonableness.

Even if counsel's investigation was deficient, Petitioner fails to establish prejudice. In order to satisfy the prejudice requirement, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Lockhart, 474 U.S. at 59; See also Cullen v. Pinholster, 563 U.S. 170, 189 (stressing that reasonable probability means substantial and not just "conceivable likelihood"). Petitioner does not show that he would have rejected the plea agreement and insisted on a trial, even if his counsel had investigated the inconsistencies in the medical report and the victim's statement. See Premo v. Moore, 562 U.S. 115, 130 (emphasizing that the issue is not whether the petitioner believed he still would have been convicted if not for counsel's errors, but whether the petitioner "established the reasonable probability that he would not have entered his plea but for his counsel's deficiency").

Therefore, the main question is whether a reasonable defendant would have rejected a deal that reduced trial exposure, given the risks. Petitioner's assertion that his counsel should have investigated the facts and the discrepancies between the medical report and the victim's account of the events does not show a reasonable probability of a different outcome. At most, such discrepancies would have provided limited impeachment, not a complete defense. Moreover, Petitioner expressly accepted the factual basis for the offenses as described in the police report when he signed the plea agreement. Additionally, the exposure at trial may still have been substantially worse than the plea outcome as a result of the existing aggravating factors that were not taken into consideration for the purpose of the plea. In these circumstances, Petitioner fails to show that it would have been objectively reasonable to reject the plea offer and proceed to trial. Similarly, Petitioner does not establish a reasonable probability that a motion to withdraw the plea would have been granted, as the plea agreement reflects that plea was knowing and voluntary and supported by an adequate factual basis. Accordingly, Petitioner cannot satisfy the prejudice prong.

/ / /

Because Petitioner is unable to demonstrate that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty and gone to trial, this ineffective assistance of counsel claim fails. Thus, this Court concludes that the Yuba County Superior Court's rejection of this claim was neither contrary to nor based on an unreasonable application of clearly established law.

## III. CONCLUSION

As explained above, the Court finds that Petitioner's claim relating to exculpatory evidence is barred and that his ineffective assistance of counsel claim fails because, even if trial counsel's performance was deficient, Petitioner did not suffer prejudice. Against these findings, the Court addresses Petitioner's motions for discovery and an evidentiary hearing. In both motions, Petitioner seeks to develop an evidentiary record relating to his claim that exculpatory evidence was not produced and that trial counsel's performance was deficient with respect to the plea agreement. Petitioner is not entitled to discovery as to the claim of undisclosed exculpatory evidence because that claim is barred by Petitioner's plea. Further, discovery related to counsel's performance is unnecessary because, even if counsel's performance was deficient, Petitioner was not prejudiced as a result.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion for discovery, ECF No. 2, is DENIED.
2. Petitioner's motion for an evidentiary hearing, ECF No. 3, is DENIED.
3. Petitioner's petition for a writ of habeas corpus, ECF No. 1, is DENIED.
4. The Court declines to issue a certificate of appealability.
5. The Clerk of the Court is directed to enter judgment and close this file.

Dated: July 23, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE